UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

----------------------------------------------------------

*Iris Colon, et al. v. Bayer Corporation, et al.*
No. 3:14-cv-10317-DRH-PMF

**Judge David R. Herndon**

**ORDER**

### ORDER GRANTING LEAVE TO WITHDRAW

**HERNDON, District Judge:**

#### I. INTRODUCTION

Presently before the Court are three motions: (1) defendant's motion to dismiss for failure to comply with CMO 12 as to 117 of the 127 plaintiffs (Doc. 4); (2) attorney John J. Driscoll's motion to withdraw as counsel of record for a majority of the named plaintiffs (Doc. 5); and (3) attorney John J. Driscoll's suggestion of death as to plaintiff Earlene Tyler and motion to substitute Patricia Farland-Coleman as Earlene Tyler's successor in interest (Doc. 6). Each Motion is addressed in turn below.

#### II. ANALYSIS

**A. Background**

In April 2014, attorney John J. Driscoll filed the above captioned complaint in state court. The complaint named 127 unrelated plaintiffs. Shortly thereafter, the

action was removed to this multidistrict litigation. After removal, other than the defendant's answer, nothing was filed in the case until defendant filed a motion to dismiss without prejudice for failure to comply with case management order number 12 (Doc. 4). The motion seeks dismissal of the claims of 117 of the 127 plaintiffs. According to the defendant's motion, 117 of the 127 plaintiffs have failed to submit complete plaintiff fact sheets. In other words, only 10 of the 127 plaintiffs have submitted complete plaintiff fact sheets (or for some other reason have not been included in the present motion to dismiss).

Eight days after the filing of the motion to dismiss, attorney Driscoll filed a motion to withdraw as counsel of record for a majority of the 127 plaintiffs (Doc. 5). Attorney Driscoll states that withdraw is warranted because the identified plaintiffs have failed to communicate with counsel.

Approximately one week after filing the motion to withdraw as counsel, attorney Driscoll filed a suggestion of death and motion to substitute as to one of the plaintiffs, Earlene Tyler (Doc. 6).

### B. Motion to Withdraw

Attorney Driscoll's motion to withdraw contains several inconsistencies and/or inaccuracies. For example, the motion seeks to withdraw as counsel of record for plaintiff Patricia Farland-Coleman.[1] However, as of the filing of the motion to withdraw, Patricia Farland-Coleman is not a named plaintiff in the

---

[1] Doc. 5-1 p.1 listing plaintiff Patricia Farland-Coleman.

above captioned action. More than a week after filing the motion to withdraw as counsel of record, attorney Driscoll filed a suggestion of death and a motion to substitute party as to plaintiff Earlene Tyler (Doc. 6). The motion to substitute states that Earlene Tyler died on October 1, 2014 and asks the Court to allow Patricia Farland-Coleman to be substituted in the place and stead of Earlene Tyler. Patricia Farland-Coleman is one of the "plaintiffs" identified in attorney's Driscoll's motion to withdraw – a "plaintiff" that apparently is not communicating with counsel. The motion to withdraw also seeks leave to withdraw as counsel of record for plaintiff *Joyce* Brodsky, however *Joyce* Brodsky is not a named party.[2]

The Court also notes inconsistencies between the docket text accompanying the motion to withdraw and the content of the motion to withdraw. For example, the docket text states that counsel is seeking leave to withdraw as to plaintiff Wendy Hilton. However, plaintiff Wendy Hilton is not identified in the motion to withdraw (which means the Court cannot be sure if counsel is seeking leave to withdraw as to Wendy Hilton and the Court does not have a current address for this plaintiff).

Considering the inconsistencies and/or inaccuracies in the motion to withdraw, as well as the timing of its filing (only after defendant filed a motion to dismiss and well after completed plaintiff fact sheets were due – in this case June

---

[2] *Kali* Brodsky is a named party and is listed in the defendant's motion to dismiss. *Kali* Brodsky is referenced in the plaintiffs docket entry accompanying the motion to withdraw but *Joyce* Brodsky is the individual referenced in the motion.

23, 2014) and the prejudice that would result if the motion were granted, the Court is DENYING counsel's motion to withdraw as counsel of record.

Further, even if the Court were to grant counsel's motion to withdraw, given the identified plaintiffs alleged failure to communicate with counsel, the Court would not grant an extension with regard to responding to the pending motion to dismiss.

### C. Motion to Dismiss

As to the defendant's motion to dismiss without prejudice for failure to comply with CMO 12, the Court finds as follows:

The plaintiffs[3] identified in the defendant's motion to dismiss were required to serve complete Fact Sheets on June 23, 2014. The defendant sent counsel a Notice of Delinquent Plaintiff Fact Sheet for each plaintiff on October 30, 2014. As of the filing of the motion to dismiss, the defendant still had not received a completed plaintiff fact sheet. The time for responding to the defendant's motion to dismiss has expired and none of the above captioned plaintiffs has responded. The Court FINDS that the subject plaintiffs have failed to comply with the requirements of CMO 12. Accordingly, the motion to dismiss is GRANTED.

---

[3] **With the exception of Ashley Harvey and Earlene Tyler. The motion to dismiss as to Ashley Harvey and Earlene Tyler is DENIED**. Although *Ashley* Harvey is identified in the defendant's motion to dismiss and in the accompanying exhibits, she is not a plaintiff of record in this action. Earlene Tyler is the plaintiff identified in the suggestion of death and the motion for substitution. The Court addresses Earlene Tyler separately below.

**FURTHER,** the Court reminds the **subject plaintiffs** that, pursuant to CMO 12 Section E, **unless they serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**FURTHER,** the Court **DIRECTS** the Clerk of the Court to terminate the subject plaintiffs, identified below, from the docket:

1. Anttwona Allen (Brenda Allen *on behalf of Anttwona Allen, deceased*)
2. Carla Allen,
3. Christina Anderson,
4. Tabatha Ayers,
5. Keleisha Beard,
6. Sarah Bennett,
7. Rose Brock,
8. Kali Brodsky,
9. Melissa Burkett,
10. Lavida Byrd,
11. Pam Cantrell,
12. Pamela Chase ,
13. Rosa Clarke,
14. Colleen Coleman,
15. IrisColon,
16. Deanna Cornish,
17. Regina Cosby,
18. Felicia Covington,
19. Phyllis Deane,
20. Ashley Dryden,
21. Nicole Duncan,
22. Stephanie Durham,
23. Melissa Durrance,
24. Justine Duval,
25. Tina Elder,
26. Janice Evans,
27. Terri Feetage,
28. Winiford Feliciana,
29. Lacey Feltman,
30. Saundra Gary,

31. Donna Gathers,
32. Karolina Gebal,
33. Christy Giles,
34. Maria Gomez,
35. Tanna Hall,
36. Christine Hamilton,
37. Quantina Harris,
38. Angela Harvey,
39. Lori Heaton,
40. Patricia Hill,
41. Richlyn Hill,
42. Wendy Hilton,
43. Tiffany Himes,
44. Keisha Holland,
45. Mareia Holland,
46. Erika House,
47. Bathshua Howard,
48. Regina Ingram-Ford,
49. Karen Isaak,
50. Chelsea Jewell,
51. Shinta Johnson,
52. Tamara Karedes,
53. Vickey Kelly,
54. Kristin Lance,
55. Jessica, Lazcano,
56. Rita Lyons,
57. Jessica Maclachlan,
58. Kristen Mayeaux,
59. Michelle McKee,
60. Tara McQuirter,
61. Roslin Mhoon,
62. Erica Miller,
63. Rebecca Miller,
64.  Michelle Moody,
65. Sheryl Morris,
66. ShaCaldra Murphy,
67. Vanessa Myers,
68. Misty Nation,
69. Pat Nicholson,
70. Cynthia Novella,
71. Tonya Osburn,
72. Latrice Patterson,
73. Eva Pelzer,
74. Karla Pepmeyer,
75. Sara Pruitt,
76. Martha Pugh,

77. Holly Records,
78. Kandi Ricciardi,
79. Kaneeshia Riley,
80. Maria Rivera,
81. Amy Roberts,
82. Blanca Robinson,
83. Maria Rodriguez,
84. Elzbieta Schurrman,
85. Elizabeth Scott,
86. April Serven,
87. Samar Shaw-Harris,
88. Mandy Shockley,
89. Charline Sirna (Robert Sirna on behalf of Charline Sirna, deceased)
90. Katy Smart,
91. Nicole Smith,
92. Valerie Smith,
93. Emily Sommers,
94. Carolina Soria,
95. Lameka Spencer,
96. Taryn Staley,
97. Cynthia Steele,
98. Tracy Stone,
99. Cheri Strine,
100. Diane Sutton,
101. Jennifer Thompson,
102. Samantha Thompson,
103. Felicia Tietjen,
104. Ronda Valdez (Tabitha Valdez *on behalf of Ronda Valdez, deceased*,)
105. Sarah Vanherpe,
106. Lynette Walker-Bulkley,
107. Amber Warren,
108. Kyneta Weatherspoon,
109. Rasheal Wesley,
110. Erica Westfield,
111. Dessie Williams,
112. Terri Williams,
113. Karolyn Wright,
114. Shalaeda Wyrick, and
115. Jasmine Yablonsky

### D. Suggestion of Death and Motion to Substitute as to Earlene Tyler

The Court acknowledges the suggestion of death as to Earlene Tyler. The Court further notes that Earlene Tyler is one of the subject plaintiffs in the

defendant's motion to dismiss. As noted in footnote 3 (above), the Court is denying the motion to dismiss as to Earlene Tyler (with leave to re-file).

Attorney Driscoll asks that Earlene Tyler's mother, Patricia Farland-Coleman be substituted in place and stead of Earlene Tyler. However, in a previous filing, counsel asserts that he has had no contact with and/or has been unable to communicate with Patricia Farland-Coleman. Given the lack of contact, the propriety of granting counsel's motion to substitute is clearly not appropriate without a further showing. The suggestion of death is therefore noted for the record and plaintiff has 30 days to substitute a plaintiff as a representative. Should counsel nominate Patricia Farland-Coleman as the representative, said nomination will have to be accompanied with an affidavit signed by Ms. Farland-Coleman that she has met with counsel and she is willing to serve in the representative capacity.

**IT IS SO ORDERED.**

Signed this 27th day of March 2015.

Digitally signed by David R. Herndon
Date: 2015.03.27 14:18:13 -05'00'

**United States District Judge**